# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| RUFUS T. FREEMAN, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF THE AIR FORCE,<br><br>Defendants. | Case No.: 7:26-cv-297 |

## ORDER

Before the Court is the United States's Motion for Substitution of the United States as a Party Defendant. (Doc. 2.) Plaintiff has not responded to the Motion and his opportunity to do so has expired. *See* M.D. Ga. L.R. 7.2.

Plaintiff Rufus Freeman brings this action against the Department of the Air Force alleging property damage from the disposal of explosives. (*See generally* Doc. 1-1.) The Federal Torts Claim Act ("FTCA"), however, states that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a). The effect is that a federal agency cannot be independently sued on a claim cognizable under § 1346(b), which "grants the federal district courts jurisdiction over a certain category of claims for which the United States has waived its sovereign immunity and 'render[ed]' itself liable. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962)). Those category of claims include claims that are:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

(*Id.* (quoting § 1346(b).)

Thus, if the Department of the Air Force negligently caused property damage while performing official duties, as alleged, the FTCA permits an action against the United States—not against the Department of the Air Force itself.

Defendants' "Motion for Substitution of the United States of America as Defendant in the Name, Place, and Stead of Department of the Air Force (Doc. 2.) is **GRANTED**.

**SO ORDERED**, this 2nd day of November, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**